**ZI JIN LIU, Yao Ling Cao, Petitioners,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 05–0746–ag.**

United States Court of Appeals,
Second Circuit.

July 16, 2007.

Zi Jin Liu, pro se, New York, NY, for Petitioner.

Jim Letten, United States Attorney for the Eastern District of Louisiana, Peter M. Mansfield, Assistant United States Attorney, New Orleans, LA, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES, and Hon. RICHARD C. WESLEY, Circuit Judges.

---

1. We amend the official caption to name Attorney General Alberto R. Gonzales as the proper respondent in this case. *See* 8 U.S.C. § 1252(b)(3)(A).

### SUMMARY ORDER

Petitioners Zi Jin Liu and Yao Ling Cao, natives and citizens of China, seek review of a January 25, 2005 order of the BIA affirming the October 22, 2003 decision of Immigration Judge ("IJ") Noel Ferris denying the lead petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Zi Jin Liu*, Nos. A77 309 552, A77 309 553 (B.I.A. Jan. 25, 2005), *aff'g* Nos. A77 309 552, A77 309 553 (Immig. Ct. N.Y. City Oct. 22, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 59 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

Upon review, we find that the IJ's adverse credibility determination is supported by substantial evidence. The IJ did not err in finding that Liu's failure to explain the "ongoing problems" that prompted her husband to flee China in 1992 undercut her assertion that she and her husband were not being sought for sterilization at that time. Because this relates directly to whether the Chinese government ever sought Liu for sterilization, it is material to her claim. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308–09 (2d Cir.2003). In addition, the IJ reasonably found it implausible that Lin would be able to obtain a household registration booklet and national ID card while she was supposedly in hiding and being sought by the authorities. *Id.* Last, the IJ reasonably relied on Liu's evasive and non-responsive demeanor and lack of corroboration in making her adverse credibility determination. *See, e.g., Zhou Yun Zhang*, 386 F.3d at 73, 78.

Since all of these findings are supported by substantial evidence and relate to essential elements of Liu's claim, the IJ did not err in denying Liu's asylum claim on adverse credibility grounds.[2] Moreover, because the only evidence of a threat to Liu's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

We also deem Liu's CAT claim waived because she did not challenge the denial of that claim in her brief to this Court. *See Jian Wen Wang v. BCIS*, 437 F.3d 276, 278 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request

---

**2.** Although the IJ erroneously relied on information contained in country reports that were not made part of the record, we need not remand because the remaining adverse credibility findings are sufficient for us to confi- dently predict that the agency would reach the same conclusion on remand. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338–39 (2d Cir.2006).

for oral argument in this petition is DE-NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).